UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-81142-RLR

SECURITIES AND EXCHANGE COMMISSION, )
)
                      Plaintiff, )
v. )
)
JAMES M. SCHNEIDER, )
)
                      Defendant. )
)
_____ )

**FINAL JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF AS TO JAMES M. SCHNEIDER**

The Securities and Exchange Commission having filed a Complaint and Defendant James M. Schneider ("Defendant") having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933 ("SECURITIES ACT")**

IT IS HEREBY ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any

prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED AND ADJUDGED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

### SECTION 17(a) OF THE SECURITIES ACT

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      (c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED AND ADJUDGED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 ("EXCHANGE ACT") AND RULE 10b-5

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

      (b)      to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

      (c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

IT IS FURTHER ORDERED AND ADJUDGED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

### CONDUCT-BASED INJUNCTION

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from directly or indirectly providing, or receiving compensation from the provision of, professional legal services to any person or entity in connection with the offer or sale of securities pursuant to, or claiming, an exemption under Section 4(a)(1) predicated on Securities Act Rule 144, or any other exemption from the registration provisions of the Securities Act,

including, without limitation, participating in the preparation or issuance of any opinion letter relating to such offering or sale.

## V.

## PENNY STOCK BAR

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Securities Exchange Act of 1934 [17 C.F.R. 240.3a51-1].

## VI.

## DISGORGEMENT

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Defendant is liable for disgorgement of $14,703.01, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,152.33, for a total of $17,855.34 due to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.  Defendant's obligation to the Commission to pay disgorgement and prejudgment interest shall be deemed satisfied by the entry of the Forfeiture Order against Defendant in the District Court case of *United States v. Schneider*, No. 1:17-cr-20712-FAM, DE 164.

## VII.

## BANKRUPTCY NONDISCHARGEABILITY

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

## INCORPORATION OF CONSENT

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

## RETENTION OF JURISDICTION

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of April, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record